UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          -against-                       Civil Action No. 07 CV 6056 (T)
                                                      6470

DELPHI CORP.,

                Defendant.
-----------------------------------------------------------X

## CONSENT DECREE

**PART I      GENERAL PROVISIONS**

**Section 101   Introduction**

      Plaintiff Equal Employment Opportunity Commission ("EEOC") and defendant Delphi Corp. ("Defendant") have agreed to resolve this action by the terms of this Consent Decree ("Decree") as set forth below.

      EEOC filed this action on or about September 28, 2007 under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide relief to Stanley Straughter ("Charging Party") and to a class of similarly situated individuals who have been adversely affected by such practices. EEOC alleges that Defendant violated the ADA by making disability-related inquiries of employees, including Charging Party, for purposes inconsistent with those permitted by the ADA, and by taking adverse employment action against Charging Party and a class of similarly situated individuals in retaliation for and in interference with their exercise of their rights protected by the ADA.

**Section 102  Purpose of the Decree**

A.  The parties desire to settle this action, and therefore stipulate and consent to the entry of this Decree as final and binding: (a) between the parties and their successors, assigns, subsidiaries, and affiliates; and (b) any other corporation or other entity into which Defendant may merge or with which Defendant may consolidate, provided that Sections 202, 203, 204 and 205 shall only apply to those employees who work for a successor employer at a Delphi facility covered by this Consent Decree and shall not apply to the overall successor employer. Defendant will provide notice to the EEOC, of any successors, assigns, subsidiaries, affiliates, and any other corporation or other entity into which Defendant may merge or with which it may consolidate.

B.  This Decree resolves all allegations raised in EEOC Charge Number 525-2006-01314, which served as the jurisdictional prerequisite in this case, and all allegations that were, or could have been, raised in the Complaint filed by EEOC. This Decree does not resolve any charge of discrimination currently pending before EEOC, or any charge that may be filed in the future, other than the charge listed above. EEOC reserves all rights to proceed regarding matters not covered in this Decree.

C.  The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

D.  Nothing in this Decree may be construed to limit or reduce Defendant's rights and obligations under the statutes enforced by EEOC: Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.*, Title I of the Americans with Disabilities Act, 42 U.S.C.

2

§12101, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.*; and the Equal Pay Act, 29 U.S.C. §206(d).

**Section 103    Consent to Jurisdiction**

    A.    EEOC and Defendant agree that this Court has jurisdiction over the subject matter of this litigation and the parties for the duration of this Decree, venue is proper, and all administrative prerequisites have been met.

    B.    Defendant may not contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

**Section 104    Duration/Scope of the Decree**

    A.    The Decree will remain in effect for two years from the final approval date of the Decree. The effective date of the Decree will be the date it is signed by and receives final approval from the Court ("date of entry").

    B.    The Decree will apply only to Delphi manufacturing facilities situated within the United States of America on the effective date of this Consent Decree.

**Section 105    Amendments to the Decree**

By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of the Decree's provisions. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court, except that the parties may mutually agree to modify the procedures and timeframes in Sections 201-203 without approval of the Court or as otherwise indicated herein.

**Section 106    Severability**

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to insure that the Decree continues to effectuate the intent of the parties. The provisions of this Decree that are not rendered unlawful, unenforceable or incapable of performance as a result of such legislative act or court decision will remain in full force and effect, and Defendant's responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of the Decree would be undermined.

**Section 107    Notices**

Except as otherwise provided for in this Decree, all notifications, reports and communications to the parties required under this Decree must be made in writing and will be sufficient as hand-delivered, faxed or sent by certified, registered or overnight mail to the following persons (or their designated successors):

> For EEOC:    Margaret A. Malloy
> Equal Employment Opportunity Commission
> 33 Whitehall Street, 5th Floor
> New York, NY 10004
> Tel: 212-336-3690
> Fax: 212-336-3623
> margaret.malloy@eeoc.gov
>
> For Defendant:    James Holahan
> Bond, Schoeneck & King PLLC
> 345 Woodcliff Drive, Suite 208
> Fairport, New York 14450
> Tel: 585-362-4722
> Fax: 585-362-4751
> jholahan@bsk.com

4

Any party may change such address by written notice to the other parties that set forth a new address for this purpose. Notwithstanding the provisions for notification contained in this paragraph, the parties may, after agreement memorialized in writing, send each other such notifications, reports and communications by email.

## PART II
## SYSTEMIC RELIEF

**Section 201　Prohibited Conduct, Injunction to Not Discriminate, and Injunction to Comply with ADA**

A.　Defendant, its managers, officers, agents, successors, and assigns are enjoined from making disability-related inquiries of employees for purposes inconsistent with those permitted by the ADA and from retaliating against any individual because that individual: (a) is a beneficiary of this Decree, (b) has engaged in protected activity under the Americans with Disabilities Act alleging an unlawful disability-related inquiry or a violation of this Consent Decree, or (c) has provided information, assistance, or participated in any other manner in the investigation or litigation of this matter.

B.　Within ten days of the date of entry of this Decree, Defendant will insure that all hard copy medical information concerning any employee is kept in a separate locked medical file that is accessible only to designated officials. Medical information stored electronically must also be protected by being stored separately from other records and in a manner that it is only accessible to designated officials. Designated officials shall mean anyone to whom access is permitted by the Americans With Disabilities Act including: (a) supervisors, managers, and other personnel who need medical information to evaluate and respond to a request for reasonable accommodation, provide a reasonable accommodation, to consider and respond to an employee's

work restrictions, to consider and respond to an application for leave pursuant to the Family and Medical Leave Act ("FMLA"), or to evaluate and administer discipline in cases when an employee's medical condition is at issue; (b) first aid, medical, and safety personnel if an employee requires or requests treatment or requires some other assistance (such as help during an emergency evacuation) because of a medical condition; (c) individuals investigating compliance with the ADA and with similar state and local laws; and (d) individuals responsible for processing or investigating workers' compensation, sickness and accident, disability, or pension benefit claims.

   C. Within ninety days of the date of entry of this Decree, Defendant will segregate all medical information from all other information concerning active employees and maintain such medical information in the manner described in paragraph 201(B) above. All medical information must be removed from all files and records containing other information concerning an active employee, including, but not limited to, labor relations records, personnel files, and disciplinary files, whether paper or electronic.

**Section 202 Policies and Procedures**

   A. Within ten days of the date of entry of this Decree, Defendant will adopt, maintain, and make available to all of its employees the Policy attached hereto as Exhibit A. Nothing in this Consent Decree or in the Policy is intended to affect or in any way limit Delphi's ability to make medical inquiries of its employees that are permitted by the Americans with Disabilities Act, including, but without limiting, medical inquiries to determine whether an employee can perform his or her job duties when there are legitimate non-discriminatory reasons to doubt the employee's capacity to perform those duties.

Delphi will also distribute a copy of Exhibit A to all hourly employees hired thereafter as part of its new employee orientation process or within 10 business days from the commencement of employment, whichever comes sooner. Delphi represents that it has never had a policy that compelled salaried employees to release their medical information to Delphi when returning from sick leave as the Complaint in this action alleges its hourly employees were required to do.

        B.    Within thirty days of the date of entry of this Decree, Defendant will expunge from its records, including, but not limited to, personnel files, labor relations files, and disciplinary files, whether paper or electronic, disciplinary action taken against the employees identified in Exhibit B because of that employee's purported failure to comply with a request from Delphi to provide or release medical information to substantiate an absence from work due to a non-work related injury, illness or disability, where such request would not have met the conditions for such a request to be permissible, as set forth in the Policy (Exhibit A).

**Section 203    Training**

        A.    Within 30 days of the entry of this Decree, Delphi will prepare training materials about medical inquiries prohibited by the ADA, the terms of the Policy, and available venues for asserting employee concerns or complaints about improper medical inquires, both internally and externally, in a form acceptable to the EEOC, that it will use to provide the training required by this Decree.

        B.    Within 90 days of EEOC's approval of the training materials referenced in the preceding paragraph, Delphi will use those approved materials to train its hourly employees, as well as those salaried employees who are directly involved in attendance or absence management.

    C.    The training may be done in groups but will not be presented by any person with direct supervisory responsibility for the employees being trained. The training need not be done in person, but may be presented through the use of webinars and other training platforms.

**Section 204   Posting and Distribution of Notices**

    **A.**    **Posting of Notice of Resolution**

Within ten days of the date of entry of this Decree, Defendant will conspicuously post and maintain a "Notice of Resolution" regarding this lawsuit (attached as Exhibit C) in prominent places where employee notices are posted at all of Delphi's manufacturing facilities in the United States of America.

    **B.**    **Provision of Notice to Employees**

Within ten days of the date of entry of this Decree, Defendant will provide a copy of the Notice of Resolution (Exhibit C) to the labor organizations that represent its hourly employees and within thirty days of the entry of this Decree will revise its handbook for salaried employees to include the Policy.

    **C.**    **Posting of EEOC Poster**

Within ten days of the date of entry of this Decree, Defendant will post the EEO poster describing federal laws prohibiting discrimination in prominent places where employee notices are posted as required by federal regulations. Defendant will notify EEOC in writing within ten days that it has complied with the requirement of posting the EEO poster pursuant to this section.

**Section 205   Monitoring**

    A.    Within twelve months of the date of entry of this Decree, and annually for the duration of this Decree, Defendant will provide EEOC with a report of all formal and informal

complaints that come to the attention of a Delphi personnel director, concerning alleged discrimination or retaliation relative to allegedly improper medical inquiries. This report shall include the identity of the parties involved, a summary of each complaint, a summary of the steps taken during the investigation, the results of the investigation, and any disciplinary action taken.

  B. Within twenty days of each training session pursuant to Section 203 above, Defendant will forward to EEOC all attendance sheets or records containing, but not limited to, the dates of attendance, name of attendees, identity of instructor, and agendas for the training.

  C. Without limiting the authority to investigate conferred upon the EEOC by law, Delphi will provide access to its facilities for the purpose of monitoring compliance with this Decree, under the following conditions: (1) absent exigent circumstances, such as, a plausible threat to employee health or safety, EEOC will provide Delphi with at least three business days' advance notice, advising of the location, proposed date and time, and purpose of the inspection (including notice identifying any record(s) EEOC intends to review and any witness(es) EEOC intends to interview); (2) the parties agree to work together to establish a mutually agreeable date and time for the inspection; (3) the inspection will be limited to verifying compliance with the specific requirements of this Decree; and (4) the parties agree to work together to ensure that any inspections will be conducted in a manner that will minimize any disruption to Delphi's business operations (this includes the scheduling of employee interviews); and (5) EEOC will not make more than one inspection per Delphi facility per year of this Decree, unless EEOC has received information indicating possible violations of this Decree or of the ADA as relate to this Decree.

## PART III

**Section 301 MONETARY RELIEF FOR CHARGING PARTY**

A. **Stanley Straughter:** Within thirty (30) business days of the date of entry of this Decree, Defendant will pay a total of $80,000 to Charging Party Stanley Straughter, which amount will consist of $60,000, less withholding and other deductions required by law, for back-pay, front-pay and benefits alleged to be owed and $20,000 in compensatory damages for alleged pain and suffering. Defendant will send EEOC a copy of each check at the time it sends it to Straughter. Both payments will be reported to the taxing authorities on the appropriate tax forms.

## PART IV

**Section 401 Retention of Jurisdiction**

A. The Court will retain jurisdiction over this action for the duration of the Decree for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein.

B. A breach of any term of this Decree by Defendant will be deemed a substantive breach of this Decree. EEOC may bring an enforcement action upon breach of any of the terms of this Decree by Defendant. In any action to enforce the terms of this Decree, the Court will have full authority to order any remedy the Court deems appropriate, including, but not limited to, specific performance and/or extension of the Decree beyond its term.

C. This matter may be administratively closed but may not be dismissed during the duration of the decree.

**Section 402 Non-Admission**

Delphi disputes the material allegations of the Complaint and does not admit that it violated the Americans with Disabilities Act or any other applicable law, regulation, or legal duty.

## SIGNATURES

Each signatory to this Decree represents that each is fully authorized to execute this Decree and to bind the parties on whose behalf each signs.

APPROVED IN FORM AND CONTENT:

By Plaintiff EEOC:

*[signature]*
Elizabeth Grossman
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

For Defendant Delphi Corp.

*[signature]* Attorney of Record
Delphi Corp.

*[signature]*
James Holahan
Bond, Schoeneck & King PLLC
345 Woodcliff Drive, Suite 208
Fairport, New York 14450
Tel: 585-362-4722
Fax: 585-362-4571
jholahan@bsk.com

SO ORDERED this 18 day of May, 2009.

*[signature]*
Michael A. Telesca
United States District Judge

11